# District Court of the Navajo Nation

## Judicial District of Crownpoint, New Mexico

**Navajo Nation, Plaintiff,**

**v.**

**Walter J. Milosevich, Defendant.**

**Decided August 21, 1990**

## ORDER

Judge Loretta Morris presiding.

This matter having come before the court on a civil traffic complaint and the court being notified that it may not have jurisdiction; this court now addresses this matter and enters its findings and orders as follows:

1. Defendant was cited by a police officer of the Navajo Nation on January 2, 1990, for exceeding posted speed restriction and going 67 miles per hour in a 55 miles per hour speeding zone;

2. Defendant was driving south of Gallup, New Mexico, on New Mexico State Road 602;

3. Defendant signed the traffic complaint stating that he acknowledges the receipt of the traffic citation and that he will appear in court on or before January 22, 1990. Defendant never appeared in court;

4. On January 11, 1990, a letter was received from a George W. Kozeliski, purporting to be an attorney on behalf of the defendant and he stated that the traffic citation should be transferred to New Mexico Magistrate Court or in the alternative, to dismiss the complaint; and he bases this request on the agreement between the Navajo Nation and the State of New Mexico;

5. In the letter, Mr. Kozeliski states that the defendant is also not an Indian;

6. On February 22, 1990, another letter was received from Mr. Kozeliski and this time, he states in his letter that he is not licensed to practice law on the Navajo Reservation and therefore, cannot represent the defendant in the District Court of the Navajo Nation; and

7. Defendant was personally served with the traffic complaint by the police officer and he has failed to appear.

## CONCLUSIONS OF LAW

1. This court has jurisdiction pursuant to the *Navajo Nation Motor Vehicle Code*, amended in 1988, which states at section 100 that this court shall have exclusive original jurisdiction over all civil traffic infractions under Title 14 committed within the territorial jurisdiction. The jurisdiction conferred upon this court with respect to traffic infractions is civil jurisdiction. Civil jurisdiction is

also conferred upon this court by 7 N.T.C. section 253(2) (1985 Supp.).

2. The territorial jurisdiction of this court extends to Navajo Indian Country and includes all lands within the exterior boundary of the Navajo Indian Reservation, Eastern Navajo Agency, and all lands within the limits of dependent Navajo communities, Navajo Indian allotments, and all other lands held in trust for, is owned by, or leased by the United States to the Navajo Tribe or any Band of Navajo Indians. 7 N.T.C. section 254 (1985 Supp.).

3. U.S. Supreme Court has decided that this court does have civil jurisdiction. *Williams v. Lee*, 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959); *Babbitt Ford v. Navajo Indian Tribe*, 710 F.2d 587 (9th Cir. 1983), *cert. denied* 466 U.S. 926, 104 S.Ct. 1707, 80 L.Ed.2d 706 (1984); *Kerr-McGee Corp. v. Navajo Tribe of Indians*, 471 U.S. 195, 105 S.Ct. 1900, 85 L.Ed.2d 200 (1985).

4. By bifurcating the code on traffic violations into criminal and civil categories, the Navajo Tribal Council, as the legislative body of the Navajo Nation, intended to protect all highway travellers and the public within its jurisdiction by incarcerating some traffic violators and by causing some to pay fines only, without any incarceration.

5. This court takes notice that many highway travellers, Indians and non-Indians, share and use the major highways within the Navajo Nation.

6. No new rules of court procedures were issued with the *Navajo Nation Motor Vehicle Code* and thus, the Navajo Rules of Civil Procedure, which became effective on July 1, 1989, will be used as a guide for this court to process the complaint and to ensure that the defendant's rights are protected.

7. Navajo Rules of Civil Procedure allows for the entry of a default against an unanswering party. Rule 55, *Navajo Rules of Civil Procedure* (adopted July 1, 1989).

8. Navajo Rules of Civil Procedure allows for the entry of a default judgment only upon a party's request. Rule 55(a), *Navajo Rules of Civil Procedure* (adopted July 1, 1989).

9. The agreement that the defendant refers to is an agreement to allow the commissioning of police officers of the Navajo Nation to act as New Mexico peace officers. The authority given to the New Mexico Chief of Police to execute this type of agreement with the Navajo Nation is codified at section 29-1-11, N.M.Stat.Ann. (1982 Cumm. Supp.). New Mexico statute does not force the Navajo Nation to have all its officers submit to New Mexico authority whenever they deal with non-Navajos. On the contrary, the statute recognizes that Indian tribes within the State of New Mexico are sovereigns and to effectively carry out law enforcement, sometimes it is necessary and convenient to commission tribal police officers of these sovereigns. The statute or the agreement does not take away the jurisdiction of this court. The traffic complaint issued to defendant was issued under the sovereign authority of the Navajo Nation. Thus, neither the agreement nor section 29-1-11, N.M.Stat.Ann., is applicable.

## ORDER

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this court has jurisdiction over a person, whether Indian or non-Indian, in traffic civil infraction cases. If the defendant wishes to further contest the jurisdiction of this court, he shall do so by filing the appropriate motions and appear in court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the default of the defendant is hereby entered in the amount of $61.50 and the clerk shall register said default.